UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JOHN ARENDAS,<br><br>              Plaintiff,<br><br>       v.<br><br>DUSTIN VEGA,<br><br>              Defendant. | No.  2:20–cv–937–KJM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE<br><br>(ECF No. 5.) |

On May 7, 2020, plaintiff filed a complaint and accompanying motion to proceed in forma pauperis (IFP). (ECF Nos. 1, 2). The court granted the IFP request on May 26. (ECF No. 6.) Therein, the court ordered plaintiff to complete the notice of service documents within 30 days of the order so that the U.S. Marshal could effectuate service on defendant. (Id.) Plaintiff was warned "[f]ailure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b). (Id. at 3.) This deadline has now passed, and the court has not received any notice from plaintiff regarding service.

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (sua sponte dismissal under Rule 41(b) approved plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See Ferdik, 963 F.2d at 1260.  These are:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendants;
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward.  The third factor also favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense.  With the passage of time, memories' fade and evidence becomes stale.  The fifth factor also favors dismissal because the court has already attempted less drastic alternatives—including instructing plaintiff on how to submit information to the Marshal's office for service of defendants, and warning plaintiff of the

consequences for failure to do so.  (ECF No. 6.)  However, plaintiff has failed to act, leaving the court with little alternative but to recommend dismissal.  Given his request to proceed IFP, it is unlikely that monetary sanctions would be effective.  As to the fourth factor, the public policy favoring disposition on their merits, it is outweighed by the other Ferdik factors.  Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.  Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.  See Durst v. Nat'l Cas. Co., 452 F.2d 610, 610 (9th Cir. 1971) (affirming dismissal for failure to prosecute where plaintiff failed to serve process, and failed to respond to the court's order despite multiple warnings); see also, e.g., Brandon v. Los Angeles Cty. Sheriff Dep't, 2013 WL 2423173, at *2 (C.D. Cal. June 3, 2013) (recommending dismissal without prejudice where plaintiff failed to provide U.S. Marshal with information necessary for service, and failed to respond to multiple warnings from the court regarding this failure).

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's claims be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b); and

2.  The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 29, 2020

aren.937

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3